**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | ) |
| | ) |
| Plaintiff, | )   **CASE NO. 3:19-CV-00055-GCM** |
| | ) |
| v. | ) |
| | )   **STIPULATED PRELIMINARY** |
| **GLOBAL ASSET FINANCIAL SERVICES** | )   **INJUNCTION AS TO** |
| **GROUP, LLC**, *et al.*, | )   **DEFENDANTS OMAR HUSSAIN** |
| | )   **AND CEDAR ROSE HOLDINGS** |
| Defendants. | )   **AND DEVELOPMENT, INC.** |
| | ) |
| | ) |
| | ) |
| | ) |

Plaintiff Federal Trade Commission ("FTC"), commenced this civil action on February 4, 2019, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a). On February 4, 2019, on motion by the FTC, the Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze, appointment of receiver, and other equitable relief against Defendants Global Asset Financial Services Group, LLC, Regional Asset Maintenance, LLC, 10D Holdings, Inc., Trans America Consumer Solutions, LLC, Midwestern Alliance, LLC, LLI Business Innovations, LLC, TACS I, LLC, TACS II, LLC, TACS III, LLC, Cedar Rose Holdings & Development, Inc., Ankh Ali, Aziza Ali, Kenneth Moody, David Carr, Jeremy Scinta, and Omar Hussain. (ECF No. 5.) Now, the FTC, the Receiver, and Defendants Omar Hussain and Cedar Rose Holdings and Development, Inc., ("Stipulating Defendants"), by and through their undersigned counsel, have stipulated and agreed to the entry of a preliminary injunction ("Order").

## FINDINGS OF FACT

By stipulation of the parties, the Court finds that:

1. The FTC and Stipulating Defendants have stipulated and agreed to the entry of this preliminary injunction order without any admission of wrongdoing or violation of law, and without a finding by the Court of law or fact other than stated below.

2. The Stipulating Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

3. The FTC asserts that the Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over Defendants

4. The FTC asserts that venue in the Western District of North Carolina is proper under 28 U.S.C. § 1391(b) and (c) and 15 U.S.C. § 53(b).

5. The FTC asserts that there is good cause to believe that the Stipulating Defendants have engaged and are likely to continue to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. §§ 1692 – 1692p, and that the FTC is therefore likely to prevail on the merits of this action.

6. The FTC asserts that there is good cause to believe that immediate and irreparable harm will result from the Stipulating Defendants' alleged ongoing violations of Section 5(a) of the FTC Act and the FDCPA unless the Stipulating Defendants are immediately restrained and enjoined by Order of this Court.

7. The FTC asserts that there is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and/or disgorgement of ill-gotten gains will occur from the transfer,

dissipation, or concealment by the Stipulating Defendants of their assets or business records unless the Stipulating Defendants are immediately restrained and enjoined by Order of this Court.

8. The FTC asserts that good cause exists for continuing the asset freeze over the Stipulating Defendants' assets and for continuing the receivership over the Receivership Entities.

9. The FTC asserts that this order is in the public interest.

10. No security is required of any agency of the United States for issuance of a preliminary injunction, Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B. "**Consumer**" means any person.

C. "**Corporate Defendant(s)**" means Defendants Global Asset Financial Services Group, LLC, Regional Asset Maintenance, LLC, 10D Holdings, Inc., Trans America Consumer Solutions, LLC, Midwestern Alliance, LLC, LLI Business Innovations, LLC, TACS I, LLC, TACS II, LLC, TACS III, LLC, Cedar Rose Holdings & Development, Inc., and each of their subsidiaries, affiliates, successors, and assigns.

D. "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

E. "**Debt Portfolio**" means spreadsheets, databases, tables, lists, or any other compilation of information describing debts or purported debts.

F.  "**Defendant(s)**" means the Corporate Defendants and the Individual Defendants, individually, collectively, or in any combination.

G.  "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

H.  "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

I.  "**Individual Defendant(s)**" means Ankh Ali, Aziza Ali, Kenneth Moody, David Carr, Jeremy Scinta, and Omar Hussain, individually, collectively, or in any combination.

J.  "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity

K. "**Receiver**" means the temporary receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the temporary receiver.

L. "**Receivership Entities**" means the Corporate Defendants as well as any other entity that has conducted any business related to Defendants' debt collection or debt brokering, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

M. "**Stipulating Defendants**" means Omar Hussain and Cedar Rose Holdings and Development, Inc. and its successors and assigns, individually, collectively, or in any combination, and each of them by whatever names each might be known.

## ORDER

## I.    PROHIBITED REPRESENTATIONS

**IT IS THEREFORE ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are hereby restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

1. that any consumer is delinquent on a payday loan or other debt that any Defendant or any other person has authority to collect;

2. that any consumer has a legal obligation to pay any Defendant or any other person;

3. that non-payment of a purported debt will result in a consumer's arrest, criminal prosecution, imprisonment, or in seizure, garnishment, or attachment of a consumer's property or wages;

4. that consumers have committed a fraud or a criminal act;

5. that any Defendant or any other person has taken, intends to take, or has authority to take formal legal action against a consumer who fails to pay any debt;

6. that any Defendant will serve, or arrange for a third party to serve, documents on a consumer;

7. that any Defendant or any other person is an attorney or affiliated or associated with an attorney;

8. that any Defendant or any other person is a law firm; or

9. the character, amount, or legal status of a debt;

B. Communicating with third parties for purposes other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction, and when not reasonably necessary to effectuate a postjudgment judicial remedy;

C. Placing telephone calls without meaningfully disclosing the caller's identity;

D. Failing to disclose or disclose adequately (1) in the initial communication with a consumer that any Defendant or any other person is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose, or (2) in subsequent communications with consumers that any Defendant or any other person is a debt collector;

E. Threatening to take action that is not lawful or that any Defendant or any other person does not intend to take;

F. Using any false representation or deceptive means to collect or attempt to collect a debt, or to obtain information concerning a consumer;

G. Using a business, company, or organization name other than the true name of Defendants' business, company, or organization;

H. Failing to provide consumers, within five days after the initial communication with a consumer, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendants; (4) a statement that if the consumer notifies Defendants in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by Defendants; and (5) a statement that, upon the consumer's written request within the thirty-day period, Defendants will provide the consumer with the name and address of the original creditor, if different from the current creditor;

I. Marketing, distributing, or selling Debt Portfolios that list loans that the lenders have not, in fact, made to the consumers identified in such portfolios, or Debts that Defendants do not have the right to collect;

J. Providing others with the means and instrumentalities to misrepresent, or assist others in misrepresenting, directly or indirectly, expressly or by implication, that consumers

owe debts or that a debt collector has obtained the rights to collect from a consumer; and

K.  Engaging in any conduct that violates the FDCPA, 15 U.S.C. §§ 1692-1692p.

## II.     PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that the Stipulating Defendants, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.  Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.  Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

C.  Provided, however, that Stipulating Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## III.     ACCOUNTING FOR DEBT PORTFOLIOS AND CHAINS OF TITLE

**IT IS FURTHER ORDERED** that Stipulating Defendants, within ten (10) business days of entry of this Order, shall provide to FTC counsel:

A. An accounting of all Debt Portfolios that have been distributed, placed, collected on, sold, or acquired (including acquisitions made for the purpose of collection) by Stipulating Defendants, their subsidiaries, officers, agents, or employees since June 1, 2014, by providing a report to FTC counsel that sets forth the following details:

   1. The current owner(s) of each Debt Portfolio;

   2. The filenames, titles, or other descriptions of each Debt Portfolio;

   3. The location(s) where each Debt Portfolio is stored and any username or password required to access any computer or electronic files, including but not limited to information stored, hosted or otherwise maintained by an Electronic Data Host;

   4. Any compensation related to the distribution, sale, acquisition, placement, or collection of each Debt Portfolio;

   5. The full names, addresses, and telephone numbers of each seller of each Debt Portfolio;

   6. The full names, address and telephone numbers of each purchaser of each Debt Portfolio;

   7. The full names, addresses and telephone numbers of the Person(s) that provided all or part of the records in each Debt Portfolio;

   8. The full names, addresses and telephone numbers of the Person(s) that issued or originated the debts described in each Debt Portfolio;

9.  The full names, addresses and telephone numbers of the Person(s) that ever held or transferred title to the debts described in each Debt Portfolio;

10. The full names, addresses and telephone numbers of any Electronic Data Host that was used to store, host, or otherwise maintain each Debt Portfolio; and

11. The full names, addresses and telephone numbers of any Financial Institution that processed payments related to the sale or acquisition of each Debt Portfolio.

B.  Along with this accounting, Stipulating Defendants shall produce copies of all documents and records relating to the chain of title of each Debt Portfolio described in the accounting.

## IV.     ASSET FREEZE

**IT IS FURTHER ORDERED** that except as set forth in Sections IV.F, IV.G, and IV.H of this Order, Stipulating Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.  Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1.  owned or controlled, directly or indirectly, by any Defendant;

2.  held, in part or in whole, for the benefit of any Defendant;

3.  in the actual or constructive possession of any Defendant; or

4.      owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B.  Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.  Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager.  This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.  Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

E.  The Assets affected by this Section shall include:  (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order.  This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

F.   The asset freeze provisions of this Order shall not apply to (1) Bank of America account number xx9019 in the name of Omar Hussain;

G.   Defendant Omar Hussain may retain and spend income received from employment unrelated to debt collection or debt brokering performed after the date of entry of this Order provided, however, that he shall first deposit such income into Bank of America account number xx9019.

H.   Defendant Omar Hussain may retain and spend assets acquired by loan or gift after the date of entry of this Order only after identifying such assets to FTC counsel. This subsection does not apply to loans or gifts valued at less than $500.

## V.   DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:  (a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Stipulating Defendant or any Asset that has been owned or controlled, directly or indirectly, by any Stipulating Defendant; held, in part or in whole, for the benefit of any Stipulating Defendant; in the actual or constructive possession of any Stipulating Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; (b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf of any

Stipulating Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or (c) has extended credit to any Stipulating Defendant, including through a credit card account, shall:

A. Hold and retain within its control and prohibit Stipulating Defendants from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any accounts, assets, funds, or other property that are owned by, held in the name of, for the benefit of, or otherwise controlled by, directly or indirectly, any Stipulating Defendant(s), in whole or in part, except for those identified in Sections IV.F, IV.G, and IV.H of this Order or except as directed by further order of the Court or as directed in writing by the Receiver regarding accounts, documents, or assets owned by, held in the name of, for the benefit of, or otherwise controlled by, any Receivership Entity; provided, however, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B. Deny the Stipulating Defendants access to any safe deposit box titled in the name of any Defendant(s), individually or jointly, or subject to access by any Defendant(s), whether directly or indirectly;

C. Provide FTC counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1. The identification number of each such account or Asset;

2. The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3. The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Stipulating Defendant, or is otherwise subject to access by any Stipulating Defendant; and

D. Upon the request of FTC counsel or the Receiver, promptly provide FTC counsel and the Receiver with copies of all records or other Documents pertaining to any account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

E. Provided, however, that that a financial institution does not have to provide the information required in sub-sections C and D if (1) the financial institution has complied with the similar provision set forth in the TRO; and (2) the information provided has not changed.

## VI.    FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Stipulating Defendant, within ten (10) days of entry of this Order, shall prepare and deliver to FTC counsel and the Receiver:

A. Completed financial statements on the forms attached to the TRO as **Attachment A** (Financial Statement of Individual Defendant) for Omar Hussain, and **Attachment B** (Financial Statement of Corporate Defendant) for Cedar Rose Holdings and Development, Inc.; and

B. Completed the form attached to the TRO as **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Stipulating Defendant.

C. For each Stipulating Defendant, a completed statement, verified under oath, of all payments, transfers or assignments of funds, assets, or property worth $1,000 or more since January 1, 2015. Such statement shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the transfer or assignment; and (d) the type and amount of consideration paid the Stipulating Defendant. Each statement shall specify the name and address of each financial institution and brokerage firm at which the Stipulating Defendant has accounts or safe deposit boxes. Said statements shall include assets held in foreign as well as domestic accounts.

D. *Provided*, that the Stipulating Defendants do not have to provide such financial reports if (1) they have complied with Section VI in the TRO; and (2) the information provided has not changed.

## VII.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following entry of this Order, each Stipulating Defendant shall:

A. Provide FTC counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside

of the United States which are:  (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant;

B. Take all steps necessary to provide FTC counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to the TRO as **Attachment D**.

C. Transfer to the territory of the United States and all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Stipulating Defendant; (2) held by any person or entity for the benefit of any Stipulating Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Stipulating Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Stipulating Defendant; and

D. The same business day as any repatriation, (1) notify the Receiver and FTC counsel of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VIII.     NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.  Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Stipulating Defendants' Assets have been fully repatriated pursuant to this Order; or

B.  Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Stipulating Defendants' Assets have been fully repatriated pursuant to this Order.

## IX.     CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Stipulating Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## X.     PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of

them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Stipulating Defendants' incomes, disbursements, transactions, and use of Stipulating Defendants' Assets.

## XI. CONTINUATION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that Cotten Wright shall continue to serve as Receiver of the Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XII. DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A. Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.  Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.  Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.  Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities.  Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.  Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.  The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access

to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely;

F.  Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.  Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.  Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal

networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

I.    Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Receivership Entities, and to provide access to all such web page or websites to the FTC's representatives, agents, and assistants, as well as Defendants and their representatives;

J.    Enter into and cancel contracts and purchase insurance as advisable or necessary;

K.   Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.    Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

M.   Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the

Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.  Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O.  Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Receiver shall serve copies of monthly account statements on all parties;

P.  Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.  Allow the FTC's representatives, agents, and assistants, as well as Stipulating Defendants' representatives and Stipulating Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business.  The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

R.  Allow the FTC's representatives, agents, and assistants, as well as Stipulating Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S. Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T. Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U. If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court.  Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

V. If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XIII.    TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants and any other person, with possession, custody or control of property of, or records relating to, the Receivership Entities

shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A. All Assets held by or for the benefit of the Receivership Entities;

B. All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C. All Documents of or pertaining to the Receivership Entities;

D. All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

E. All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F. All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

G. In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XIV.    PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide to the Receiver:

A.  A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.  A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.  A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XV.    COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that the Stipulating Defendants, and their officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver.  This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account

(including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XVI.  NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants, and their officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.  Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.  Transacting any of the business of the Receivership Entities;

C.  Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.  Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVII.  STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Stipulating Defendants, Stipulating Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries,

divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A. Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C. Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

D. Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVIII.    COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIX.    RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the bond in the amount of $1,000 previously filed by the Receiver with the Clerk of this Court shall remain in effect, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XX.    RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Receiver shall report periodically to this Court regarding:  (1) the steps taken by the Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of the Receivership Entities; (3) the sum of all liabilities of the Receivership Entities; (4) the steps the Receiver intends to take in the future to:  (a) prevent any diminution in the value of assets of the Receivership Entities, (b) pursue receivership assets from third parties, and (c) adjust the liabilities of the Receivership Entities, if appropriate; (5) whether the business of the Receivership Entities can be operated

lawfully and profitably; and (6) any other matters which the Receiver believes should be brought to the Court's attention. *Provided, however,* if any of the required information would hinder the Receiver's ability to pursue receivership assets, the portions of the Receiver's report containing such information may be filed under seal and not served on the parties.

## XXI.    DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that within three (3) calendar days of entry this Order, Stipulating Defendants shall provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Stipulating Defendant, and shall, within ten (10) days from the date of entry of this Order, and provide the FTC and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order.  Furthermore, Stipulating Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXII.    EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, the FTC and the Receiver are granted leave, at any time after service of this Order, to conduct limited

expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Stipulated Defendants' Assets; (2) the nature, location, and extent of Stipulating Defendants' business transactions and operations; (3) Documents reflecting Stipulating Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A. The FTC and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B. The FTC and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format;

C. The FTC and the Receiver may serve upon parties interrogatories that require response within five (5) days after the FTC serves such interrogatories;

D. The FTC and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service;

E.  Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery; and

F.  Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

## XXIII.    SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of the FTC, by any law enforcement agency, or by private process server, upon the Stipulating Defendants or any person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XXIV.    CORRESPONDENCE AND SERVICE ON THE FTC

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on the FTC shall be addressed to:  Quinn Martin, Federal Trade Commission, 600 Pennsylvania Avenue NW, Room CC-10232, Washington, DC 20580, email: qmartin@ftc.gov.

## XXV.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

Signed: February 15, 2019

Graham C. Mullen
United States District Judge