# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | ) |
| | ) **CASE NO. 3:19-CV-00055-GCM** |
| Plaintiff, | ) |
| | ) |
| v. | ) **STIPULATED FINAL ORDER FOR** |
| | ) **PERMANENT INJUNCTION AND** |
| **GAFS Group, LLC**, *et al.*, | ) **SETTLEMENT OF CLAIMS AS TO** |
| | ) **DEFENDANT REGIONAL ASSET** |
| Defendants. | ) **MAINTENANCE, LLC** |

Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action on February 4, 2019, by filing its Complaint pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 814(a) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*(a). On February 4, 2019, on motion by the FTC, the Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze, appointment of receiver, and other equitable relief against Defendants. (ECF No. 5). On February 28, 2019, the Court entered a Stipulated Preliminary Injunction against Defendant Regional Asset Maintenance, LLC. (ECF No. 37). Now, the FTC, the Receiver, and Defendant Regional Asset Maintenance, LLC, stipulate and agree to the entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order") to resolve all matters in dispute in this action between them.

1

# FINDINGS

By stipulation of the parties, the Court finds as follows:

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Settling Defendant participated in deceptive, abusive, and unfair Debt collection practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FDCPA, 15 U.S.C. §§ 1692–1692p.

3. Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

4. Settling Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear its own costs and attorney fees.

5. Settling Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

6. Entry of this Order is in the public interest.

# DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Credit Repair Service**" means selling, providing, or performing any service (or representing that such service can or will be sold, provided, or performed) through the use of any instrumentality of interstate commerce or the mails, in return for the payment of money or other valuable consideration, for the express or implied purpose of (1) improving any consumer's credit record, credit history, or credit rating, (2) providing advice or assistance to any consumer with regard to any activity or service described in

clause (1).

B. "**Debt**" means any obligation or alleged obligation to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.

C. "**Debt Collection Activities**" means any activities of a Debt Collector to collect or attempt to collect, directly or indirectly, a Debt owed or due, or asserted to be owed or due.

D. "**Debt Collector**" means any Person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any Debts, or who regularly collects or attempts to collect, directly or indirectly, Debts owed or due or asserted to be owed or due another. The term also includes any creditor who, in the process of collecting its own Debts, uses any name other than its own which would indicate that a third Person is collecting or attempting to collect such Debts. The term also includes any Person to the extent such Person collects or attempts to collect any Debt that was in default at the time it was obtained by such Person.

E. "**Defendants**" means Global Asset Financial Services Group, LLC, Regional Asset Maintenance, LLC, 10D Holdings, Inc., Trans America Consumer Solutions, LLC, Midwestern Alliance, LLC, LLI Business Innovations, LLC, TACS I, LLC, TACS II, LLC, TACS III, LLC, Cedar Rose Holdings & Development, Inc., Ankh Ali, Aziza Ali, Kenneth Moody, David Carr, Jeremy Scinta, and Omar Hussain, individually, collectively, or in any combination.

F. "**Financial-Related Product or Service**" means any product, service, plan, or program represented, expressly or by implication, to provide to any consumer, arrange for any consumer to receive, or assist any consumer in receiving:

3

1. An extension of consumer credit;

2. Any Credit Repair Service; or

3. Any Secured or Unsecured Debt Relief Product or Service.

G. "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

H. "**Secured or Unsecured Debt Relief Product or Service**" means, with respect to any mortgage, loan, Debt, or obligation between a Person and one or more secured or unsecured creditors or Debt Collectors, any product, service, plan, or program represented, expressly or by implication to:

1. Negotiate, settle, or in any way alter the terms of payment or other terms of the mortgage, loan, Debt, or obligation, including but not limited to, a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a Person to a secured or unsecured creditor or Debt Collector;

2. Stop, prevent, or postpone any mortgage or deed of foreclosure sale for a Person's dwelling, any other sale of collateral, any repossession of a Person's dwelling or other collateral, or otherwise save a Person's dwelling or other collateral from foreclosure or repossession;

3. Obtain any forbearance or modification in the timing of payments from any secured or unsecured creditor or Debt Collector;

4. Negotiate, obtain, or arrange any extension of the period of time within which the Person by (a) cure his or her default on the mortgage, loan, Debt, or obligation, (b) reinstate his or her mortgage, loan, Debt, or obligation, (c) redeem a dwelling or other

collateral, or (d) exercise any right to reinstate the mortgage, loan, Debt, or obligation or redeem a dwelling or other collateral;

5. Obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

6. Negotiate, obtain, or arrange, (a) a short sale of a dwelling or other collateral, (b) a deed-in-lieu of foreclosure, or (c) any other disposition of a mortgage, loan, Debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a Person's application for the mortgage, loan, Debt, or obligation.

I. "**Settling Defendant**" means the Regional Asset Maintenance, LLC and its successors and assigns.

J. "**Settling Receivership Entities**" means the Settling Defendant, as well as any other business related to the Settling Defendant's Debt Collection or Debt Brokering business and which the Receiver has reason to believe is owned or controlled in whole or in part by the Settling Defendant.

**ORDER**

**I.  BAN ON DEBT COLLECTION AND DEBT BROKERING ACTIVITIES**

**IT IS THEREFORE ORDERED** that Settling Defendant, whether acting directly or through any other Person, is permanently restrained and enjoined from:

A. Participating in Debt Collection Activities; and

B. Advertising, marketing, promoting, offering for sale, selling, or buying any consumer

or commercial Debt or any information regarding a consumer relating to a Debt.

## II. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL-RELATED PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Settling Defendant, its officers, agents, and employees, and all other Persons in active concert or participation with Settling Defendant, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any Financial-Related Product or Service are permanently restrained and enjoined from:

A. Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

1. The terms or rates that are available for any loan or other extension of credit;

2. Any aspect of any Credit Repair Service, including but not limited to (a) any Person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit; or (b) that any Person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

3. Any aspect of any Secured or Unsecured Debt Relief Product or Service, including but not limited to (a) the amount of savings a consumer will receive from purchasing, using, or enrolling in such Secured or Unsecured Debt Relief Product or Service; (b) the amount of time before which a consumer will receive settlement of that consumer's Debts; or (c) the reduction or

cessation of collection calls;

4. That a consumer will receive legal representation; and

5. That any particular outcome or result from a Financial-Related Product or Service is guaranteed, assured, highly likely or probable, or very likely or probable; and

B. Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

### III. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Settling Defendant, its officers, agents, and employees, and all other Persons in active concert or participation with Settling Defendant, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. That any Person is an attorney or affiliated or associated with an attorney or law firm;

B. That any Person owes any Debt;

C. The nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be provided to the consumer; and

D. Any other fact material to a consumer's decision to purchase any good or service, such as (1) the total costs to purchase, receive, or use, and the quantity of, any good or service; (2) any material restriction, limitation, or condition to purchase, receive, or use any good or service; or (3) any material aspect of the performance, efficacy,

nature, or central characteristics of any good or service.

## IV. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of THREE MILLION AND ONE HUNDRED THOUSAND DOLLARS ($3,100,000) is entered in favor of the FTC against Settling Defendant, as equitable monetary relief.

B. In partial satisfaction of the judgment against Settling Defendant, all financial institutions holding accounts in the name of, on behalf of, or for the benefit of, any Settling Defendant shall, within ten (10) business days from receipt of a copy of this Order, transfer to the FTC or its designated agent, all funds, if any, in such accounts.

C. Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

E. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

F.  Settling Defendant acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Defendant previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

G.  All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## V.     CONTINUATION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that A. Cotten Wright, Esq., shall continue as a permanent receiver over the Settling Receivership Entities with full powers of a permanent receiver, including but not limited to those powers set forth in the Preliminary Injunction (Dkt. No. 37), and including full liquidation powers.  The Receiver is directed to wind up the Settling Receivership Entities and liquidate all assets within 365 days after entry of this Order.  Any party or the Receiver may request that the Court extend the Receiver's term for good cause.  Upon termination of the receivership and final payment to the Receiver of all approved fees, costs, and

expenses, the Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

## VI. COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendant must provide truthful and complete information, evidence and testimony. Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that an FTC representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as an FTC representative may designate, without the service of a subpoena.

## VII. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendant, their officers, agents, and employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to administer efficiently consumer redress. If a representative of the FTC requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the FTC, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying

information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with any Debt Collection Activities; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

D. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendant obtains acknowledgments of receipt of this Order:

A. Settling Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, the Settling Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.     COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendant makes timely submissions to the FTC:

A. One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

   1. Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with that Settling Defendant; (b) identify all of that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how the Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

B. For 10 years after entry of this Order, the Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

   1. Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that the Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or

dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Settling Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against the Settling Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. GAFS Group, X190013.

## X.     RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Settling Defendant must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. A copy of each materially different advertisement or other marketing material.

## XI.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, the Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69; provided that Settling Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B. For matters concerning this Order, the FTC is authorized to communicate directly with Settling Defendant. Settling Defendant must permit representatives of the FTC

to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII. ENTRY OF JUDGMENT

**IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to Defendant Regional Asset Maintenance, LLC.

## XIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

_____
Graham C. Mullen
United States District Judge